**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 1:05CR0327-7** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Judge Dan Aaron Polster** |
| vs. | ) | |
| | ) | |
| **GLEN JENKINS,** | ) | **SENTENCING MEMORANDUM** |
| | ) | |
| **Defendant.** | ) | |

On July 7, 2005, an Indictment was filed charging Glen Jenkins, Defendant, with one (1) count of violating Title 21 of the United States Code, Section 846 (conspiracy to possess with intent to distribute and to distribute cocaine). (Docket No. 1.)[1] On October 28, 2005, Jenkins entered a plea of guilty to Count 1 of the Indictment. (Docket No. 286.)

On December 13, 2005, the United States Probation Department prepared a Presentence Investigation Report ("PSR"). The PSR indicated that Jenkins had an adjusted offense level of 34, based, in part, on his designation as a career offender pursuant to U.S.S.G. § 4B1.1.

---

[1] The Indictment also charged Defendant with three counts of violating Title 21 of the United States Code, Section 843(b) (unlawful use of a communication facility to facilitate a drug trafficking crime). However, the government moved to dismiss these counts at the sentencing hearing. The Court granted the oral motion.

On January 19, 2006, the Court held a hearing. (Docket No. 117.) The Court continued the hearing to give Jenkins an opportunity to move in writing that the Court should impose a sentence below the range for career offender. On January 24, 2006, Jenkins filed his objection. (Docket No. 421.) On February 01, 2006, the government filed its response. (Docket No. 430.)

The parties agree that Jenkins has been appropriately classified as a career offender, but they disagree as to whether it is reasonable, pursuant to 18 U.S.C. § 3553(a), to impose a sentence at that level.

## I. BACKGROUND

This case stems from a complex conspiracy to distribute drugs throughout Lorain County, Ohio, and other areas. As part of the conspiracy, co-Defendant Jose Luis Rodriguez supplied more than one kilogram but less than two kilograms of cocaine to Jenkins for distribution. Three phone calls dated May 10, 2005, May 31, 2005, and June 3, 2005 implicate Jenkins in the conspiracy. On October 28, 2005, Jenkins entered a plea of guilty to the conspiracy charge.

As part of its presentence investigation, the Probation Department found that Jenkins had three prior felony convictions involving violence and/or drug trafficking. Indeed, on October 21, 2002, he was found guilty of drug trafficking and entered a plea of guilty to burglary of an occupied residence. On October 22, 2002, he entered a plea of guilty to a separate drug trafficking charge. He was sentenced to one-year custody for each drug trafficking offense and two-years custody for the burglary offense. All three sentences were run concurrently. Thus, although he had three prior felony convictions involving violence and/or drug trafficking, he only served one two-year prison sentence. Based on these facts, he asserts that his career offender classification overstates his criminal history.

## II. LAW AND ANALYSIS

The classification of career offender status has serious implications under the Guidelines. Here, it is undisputed that without the classification, Jenkins' base offense level would be 26. At the sentencing hearing, the government moved (and the Court granted) to reduce the adjusted offense level by 3 points for acceptance of responsibility, pursuant to U.S.S.G. § E1.1(a)&(b). This would bring the total offense level to 23. Also at the sentencing hearing, the government moved (and the Court granted) to reduce the total offense level by 4 points for substantial assistance, pursuant to U.S.S.G. § 5K1.1. This would bring the total offense level to 19. It is undisputed that Jenkins is at a Criminal History Category VI. Thus, his guideline range would be 63-78 months. However, the classification of career offender status would increase his base offense level by 11 points to 37 because the statutory maximum for the charged offense is life. See U.S.S.G. § 4B1.1(b)(A); 21 U.S.C § 841(b)(1). The three-point reduction for acceptance of responsibility and the four-point reduction for substantial assistance would bring his total offense level to 30. Thus, with a career offender classification and a Criminal History Category VI, the guideline range would be 168-210 months.

Here, it is undisputed that (1) Jenkins was at least eighteen years old at the time the instant offense was committed, (2) the instant offense is a felony involving a controlled substance, and (3) Jenkins has three prior felony convictions involving violence and/or drug trafficking. Thus, he is a career offender pursuant to U.S.S.G. § 4B1.1(a). See also United States v. Herrera, 375 F.3d 399, 402 (6th Cir. 2004). His receipt of concurrent sentences for his prior drug trafficking and burglary felonies does not effect his status as a career offender. Indeed, the second drug offense occurred almost a year after the first drug offense and the

burglary offense occurred almost five months later. Thus, he cannot argue that the three offenses were part of the same scheme or plan to be counted as one offense pursuant to U.S.S.G. § 4B1.2(a)(2).

However, the guidelines are no longer mandatory. In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court held that sentencing enhancements based on a judge's determination under the then-mandatory guidelines violates the Sixth Amendment. Id. at 650. A separate majority remedied this constitutional violation by severing portions of the federal sentencing statute, rendering the guidelines advisory. Id. at 660. Thus, post-Booker, a sentencing judge must impose a sentence within the applicable statutory range that considers both the advisory guideline range and the other sentencing factors set forth in § 3553(a).

This seemingly simple demand has created much confusion. As the Sixth Circuit recently observed, "[a]chieving agreement between the circuit courts and within each circuit on post-Booker issues has, unfortunately, been like trying to herd bullfrogs into a wheelbarrow." United States v. McBride, 2006 Fed. App. 0018P, 2006 U.S. App. LEXIS 1010, *8-9 (6th Cir. Jan. 17, 2006). However, the Sixth Circuit has recently made clear that although a sentence within the guideline range is afforded a presumption of reasonableness, that does not mean that a sentence outside the guideline range is presumptively unreasonable. United States v. Foreman, 2006 Fed. App. 0049P, 2006 U.S. App. LEXIS 2989, *15 (6th Cir. Feb. 08, 2006). Thus, even if a district court concludes that a downward departure is inappropriate when calculating the appropriate guideline range, it is not prohibited from concluding that a sentence ought to be lower than the guideline range when evaluating the factors set forth in § 3553(a). Id. at *15-16.

The only requirement is that the Court impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes set forth in § 3553(a)(2). Id.

Indeed, in United States v. Williams, 432 F.3d 621 (6th Cir. 2005), the Sixth Circuit upheld a sentence that departed downward from the advisory guideline range. In Williams, the defendant entered a plea of guilty to one count of being a felon in possession of a firearm. Id. at 622. At the sentencing hearing, the district court reduced the defendant's criminal history category and his total offense level each by two points. Id. The district court justified this departure on the ground that (1) the defendant had not committed a serious offense since 1991, (2) the defendant was carrying a firearm under extenuating circumstances, and (3) the criminal history category over-represented the seriousness of the defendant's criminal history. Id. at 623. In affirming the decision to depart, the Sixth Circuit reasoned that the district court had explicitly relied upon the sentencing factors in § 3553(a) and two policy statements issued by the Sentencing Commission. Id. Thus, the court concluded, "upon review of the record, the Guidelines range, and the justifications set forth by the district court, we cannot conclude that the departure was unreasonable." Id. at 624.

Here, the Court concludes that a sentence of 110 months is sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2). Without the career offender classification, the range would be 63 to 78 months. The Court concludes that this range is unreasonably low given the seriousness of the instant offense, the extensive criminal history, and the fact that Jenkins was not deterred after his previous sentence. With the career offender classification, the range would be 168 to 210 months. The Court concludes that this range is unreasonably high given the fact that Jenkins has only served one prior prison sentence. The

problem with the Career Offender designation is that it is "all or nothing." Given the particular facts of this case, neither "all nor "nothing" is reasonable and appropriate. The Court concludes that a sentence between level 19 and level 30 is reasonable and appropriate. Thus, in consideration of all the factors set forth in § 3553(a)(2) and the appropriate guideline range, the Court imposes a sentence 110 months, followed by 8 years of supervised release, which is at the low end of the range for a defendant with a total offense level of 25 and Criminal History Category VI.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that Jenkins is a career offender. Having considered the appropriate guideline range and all of the factors set forth in § 3553(a), the Court imposes a sentence of 110 months, followed by 8 years of supervised release.

**IT IS SO ORDERED.**

 */s/Dan Aaron Polster   2/17/2006*
**Dan Aaron Polster**
**United States District Judge**